UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY SIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-1240 |
| | ) | |
| **MCLEAN COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently held at the McLean County Detention Facility, filed three handwritten pages and a copy of an inmate grievance form dated May 17, 2023. (Doc. 1). The pleading was filed as a "complaint" under 42 U.S.C. § 1983. *See Price v. Brown*, No. 18-CV-1050-RJD, 2020 WL 5237099, at *5 (S.D. Ill. Sept. 2, 2020) (court construed Plaintiff's letter "out of an abundance of caution" as a complaint).

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff appears to be complaining about how his criminal case was handled, but due to Plaintiff's illegible handwriting and unintelligible assertions, it is impossible for the Court to

identify the specific allegations against each Defendant and determine whether there are potential claims against any of them. Plaintiff's complaint does not provide the Court or the potential Defendants with adequate notice of his claims. Federal Rule of Civil Procedure 8 states a complaint must include "a short and plan statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's compliant is dismissed as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff one opportunity to file an amended complaint clarifying his claims, but Plaintiff is advised that his handwriting MUST be legible. His amended complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's complaint is dismissed as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff one opportunity to file an amended complaint clarifying his claims. Plaintiff must file his proposed amended complaint within 30 days of this Order and follow the Court's directions concerning the information to provide in his amended complaint. If Plaintiff fails to file his amended complaint within 30 days or fails to follow the Court's directions, his case will be dismissed without prejudice.**

**2)      Plaintiff filed a Motion for Hospital Care [10]. Plaintiff's handwriting is largely illegible. It appears Plaintiff is requesting an EKG and to have his blood pressure checked. The McLean County Detention Center, not this Court, has the authority to direct or deny an inmate's specific medical treatment or consultations with outside doctors or hospitals.** *See Perez v. Fenoglio*, **792 F.3d 768, 780-81 (7th Cir. 2015). Plaintiff's Motion [10] is DENIED.**

ENTERED:    10/23/2023                                          s/ James E. Shadid
                                                                James E. Shadid
                                                                United States District Judge